*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MUHITH MAHMOOD,

        Plaintiff-Appellant,

V

CITY OF HAMTRAMCK and WAYNE COUNTY
BOARD OF CANVASSERS,

        Defendants-Appellees,

and

ADAM ALHARBI,

        Intervening Defendant-Appellee.

UNPUBLISHED
March 27, 2026
8:34 AM

No. 378814
Wayne Circuit Court
LC No. 25-018688-CZ

Before: BORRELLO, P.J., and O'BRIEN and WALLACE, JJ.

O'BRIEN, J. (*dissenting*).

Plaintiff asked the trial court to issue a writ of mandamus "order[ing] the tabulation of the 37 ballots" that were not counted as described by the majority. The trial court denied this request, concluding that the Wayne County Boad of Canvassers had discretion whether to tabulate the 37 ballots, making a writ of mandamus improper. The majority concludes that "the trial court abused its discretion by failing to grant the writ of mandamus." I disagree and therefore dissent.

A writ of mandamus is an extraordinary remedy, and the party seeking such a writ must establish that

> (1) the party seeking the writ "has a clear legal right to the performance of the duty sought to be compelled," (2) the defendant has a clear legal duty to perform the act requested, (3) the act is ministerial, that is, it does not involve discretion or judgment, and (4) no other legal or equitable remedy exists that might achieve the same result. [*Southfield Ed Ass'n v Bd of Ed of Southfield Pub Schs*, 320 Mich App 353, 378; 909 NW2d 1 (2017) (citation omitted).]

-1-

Plaintiff is asking for a writ of mandamus ordering the Wayne County Board of Canvassers to tabulate the 37 uncounted ballots, so plaintiff must establish that the board of county canvassers had a clear legal duty to perform this act.

In plaintiff's complaint, he relied on MCL 168.765a(4) to support the existence of this duty.[1] That subsection states, in pertinent part:

> In a city or township that uses absent voter counting boards under this section, the absent voter ballots must be counted in the manner provided in this section and, except as otherwise provided in section 764d, absent voter ballots must not be delivered to the polling places. [MCL 168.765a(4).]

The section of the Michigan Election Law, MCL 168.1, *et seq.*, in which this subsection appears addresses absent voter counting boards, and the above subsection imposes a duty on such boards, not the board of county canvassers.

The majority relies heavily on MCL 168.814, which states:

> A ballot cast by an eligible elector must not be rejected or otherwise not counted in a canvass, recount, or court order altering the certification of a canvassing board on the grounds that an election official failed to comply with a directive set forth in this act unless that ballot is otherwise ineligible under this act or federal law.

This section has never been cited by plaintiff or amicus who filed in support of plaintiff. Regardless, the majority emphasizes the final portion of this provision, effectively reasoning that a ballot must be counted in a canvass "unless that ballot is otherwise ineligible under this act." I do not believe this section is relevant, however, because it only applies if a ballot is not canvassed "on the grounds that an election official failed to comply with a directive set forth in this act."

It is true that the 37 uncounted ballots were not stored in compliance with MCL 168.810a— titled, "Safeguarding of election materials"—but the problem with the 37 uncounted ballots is not solely that they were stored in an unsecured location. The bigger issue is that the city clerk confirmed that unauthorized individuals were in the clerk's office and, while there, had access to the unsecured ballots, so the clerk could no longer confirm the integrity of the ballots. In other words, the ballots were not "merely" stored in an unsecured location in violation of MCL 168.810a, but the clerk confirmed that unauthorized individuals had access to the unsecured ballots. This confirmed unauthorized access to the 37 uncounted ballots provided a basis for not counting the ballots beyond the fact that the city clerk failed to properly store them as required by the Michigan Election Law.[2]

---

[1] Plaintiff does not rely on this statute in his brief on appeal but cites it in his reply brief.

[2] I do not find this Court's opinion in *Gracey v Grosse Pointe Farms Clerk*, 182 Mich App 193; 452 NW2d 471 (1989), particularly helpful to resolving this case. The procedural history of that

This brings us to the basis for the trial court's ruling—MCL 168.823. The court reasoned that Subsection (3) of this statute provided the Board of Canvassers discretion to act how it did. MCL 168.823(3) provides, in relevant part:

> The board of county canvassers shall correct obvious mathematical errors in the tallies and returns. The board of county canvassers *may*, if necessary for a proper determination, summon the election inspectors before them, and require them to count any ballots that the election inspectors failed to count, to make correct returns in case, in the *judgment* of the board of county canvassers after examining the returns, poll lists, or tally sheets, the returns already made are incorrect or incomplete, and the board of county canvassers shall canvass the votes from the corrected returns. In the alternative to summoning the election inspectors before them, the board of county canvassers *may* designate staff members from the county clerk's office to count any ballots that the election inspectors failed to count, to make correct returns in case, in the *judgment* of the board of county canvassers after examining the returns, poll lists, or tally sheets, the returns already made are incorrect or incomplete, and the board of county canvassers shall canvass the votes from the corrected returns. [Emphasis added.]

This subsection provided a means by which the board of county canvassers could have tabulated the 37 uncounted ballots. But, as the emphasized portions demonstrate, aside from correcting any obvious mathematical errors, the procedures in MCL 168.823(3) are discretionary. See *Wilcoxon v City of Detroit Election Comm*, 301 Mich App 619, 631; 838 NW2d 183 (2013) (explaining that it is well-established that the use of the words "may" and "judgment" denote discretionary conduct). It follows that the Wayne County Board of Canvassers had discretion to tabulate the 37 uncounted ballots "if necessary for a proper determination," but the decision to do so was left to "the judgment of the board of county canvassers." MCL 168.823(3). A writ of mandamus cannot lie if the act requested to be performed "involve[s] discretion or judgment," *Southfield Ed Ass'n*, 320 Mich App at 378, so MCL 168.823(3) cannot form the basis for a writ of mandamus ordering the Wayne County Board of Canvassers to tabulate the 37 uncounted ballots.

In plaintiff's brief on appeal, he grounds his duty argument entirely in Const 1963, art 2, § 4(1). Plaintiff emphasizes in particular Const 1963, art 2, § 4(1)(a)'s language that all citizens who are electors qualified to vote in Michigan shall have "[t]he fundamental right to vote," and Const 1963, art 2, § 4(1)(h)'s language extending this right "to vote an absent voter ballot." This

_____

case is a quagmire, but at bottom, the contested absentee ballots were counted as part of a recount, and the plaintiff was seeking to have the Wayne County Board of Canvassers certify the results of the recount, while the intervenor was seeking to have the contested absentee ballots thrown out because they were not properly delivered to the clerk. *Id*. at 199-201. This Court explained that the absentee ballots being improperly delivered to the clerk did not invalidate them but merely subjected them to challenge pursuant to MCL 168.745. *Id*. at 203, 209. I do not understand anyone in this case to be arguing that the 37 uncounted ballots should be rejected or are otherwise invalid. The question, as I understand it, is whether the Wayne County Board of Canvassers had a duty to tabulate the 37 uncounted ballots as requested by plaintiff in his writ of mandamus.

fundamental right to vote, plaintiff rightly observes, includes the right to have that vote counted. See *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 47; 740 NW2d 444 (2007) (CAVANAGH, J., dissenting) ("The fundamental right to vote encompasses the right to actually have those votes counted"); *Reynolds v Sims*, 377 US 533, 554; 84 S Ct 1362; 12 L Ed 2d 506 (1964). After citing these principles, plaintiff concludes, without further explanation, that "defendants had a duty to count" the 37 uncounted ballots.

The broad principles on which plaintiff relies do not compel the conclusion that the Wayne County Board of Canvassers had a clear legal duty to tabulate the 37 uncounted ballots whose integrity the clerk could not confirm. "Within the meaning of the rule of mandamus, a 'clear, legal right' is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Warren City Council v Fouts*, 345 Mich App 105, 124; 4 NW3d 79 (2022) (quotation marks and citation omitted). It is simply not inferable as a matter of law that a person's right to have their vote counted imposed a clear legal duty on the Wayne County Board of Canvassers, in particular, to tabulate the uncounted ballots.

In summary, after reviewing all of the laws cited by the parties and the majority, I am not persuaded that the Wayne County Board of Canvassers had a clear legal duty to tabulate the 37 uncounted ballots as plaintiff requested in his writ of mandamus.[3] The problem as I see it is not that the clerk failed to store the ballots in compliance with the Michigan Election Law but that unauthorized individuals were confirmed to have had access to the unsecured ballots, as a result of which the clerk could not confirm the integrity of the uncounted ballots.[4] In situations like this, the ballots may still be tabulated, but only at the discretion of the board of county canvassers under MCL 168.823(3). That statute, by its terms, leaves the exercise of this ability "in the judgment of the board of county canvassers," so it cannot be the basis for a writ of mandamus. See *Southfield Ed Ass'n*, 320 Mich App at 378 (explaining that a clear legal duty must "not involve discretion or

---

[3] The majority does not reach plaintiff's arguments that the trial court erred by failing to grant plaintiff a declaratory judgment or injunctive relief, so I do not reach those issues either.

[4] The fact that the clerk cannot confirm the integrity of the 37 uncounted ballots is a problem, and I do not believe that the ballot-challenge procedures under MCL 168.745—which the majority orders the 37 uncounted ballots be subjected to—sufficiently address the issue. When a ballot is challenged, the basis for the challenge is whether the person was "an unqualified voter," MCL 168.745, and such a challenge is resolved if it is determined that the voter was qualified to vote in the election, MCL 168.748.

judgment").[5]  I therefore agree with the trial court that the Wayne County Board of Canvassers did not have a clear legal duty to tabulate the 37 uncounted ballots, so I would affirm.[6]

/s/ Colleen A. O'Brien

---

[5] Plaintiff and amicus correctly observe that the Wayne County Board of Canvassers could have ensured the integrity of the 37 uncounted ballots before tabulating them by, for instance, identifying and contacting all 37 voters and having them verify their ballots and the marks thereon. I do not believe the existence of this possibility took away the Wayne County Board of Canvassers' discretion under MCL 168.823(3), however.

[6] Intervening-defendant spends much of his brief on appeal discussing statutes and caselaw concerning recounts, and the majority rightly ignores this discussion because plaintiff has repeatedly disavowed any suggestion that he is requesting a recount. That said, MCL 168.871 (the statute that governs the eligibility of ballots in the event of a recount) does create somewhat of an oddity if the 37 uncounted ballots are counted. Under MCL 168.871(1), only ballots that were properly stored are generally eligible to be recounted. The proper-storage requirement can be waived if a sufficient explanation is provided, but such an explanation must provide "that the security of the ballots is otherwise preserved." MCL 168.871(2). The security of the 37 uncounted ballots was clearly not preserved, so if plaintiff was requesting a recount, those ballots would seemingly be ineligible under MCL 168.871(2).